**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Antwaine Lamont Branch,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26cv529 (RDA/WBP)** |
| | ) | |
| **Booth, *et al.*,** | ) | |
| **Respondents.** | ) | |

MEMORANDUM and ORDER

This matter us before the Court on a civil action filed by Virginia state prisoner Antwaine Lamont Branch ("Petitioner") entitled "Petition for Mandamus and/or Injunction," ("Petition"). He has named Virginia Beach Correctional Center, Virginia Beach Sheriff Office, and Captain Lois C. Thompson as defendants. Dkt. 1. Because Plaintiff is a prisoner, the Court must screen his amended complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

**I. Standard of Review**

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless legal theory,'" or where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

In order to screen a complaint, it must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

**II. Petition**

The petition alleges violations of state statutes regarding the state Freedom of Information Act, the Virginia constitution, and alleges that defendant Thompson's response to an informal request for records that "[g]oing forward, [Petitioner] would need to speak with his attorney regarding legal matters," was "cruel and unusual." Dkt. 1 at 3, 4. Conclusory allegations such as the denial of his request do not constitute a claim. *See Ashcroft*, 556 U.S. at 678. As no force is

alleged, under the Fourteenth Amendment standard, to establish that a particular condition or restriction of his detention "is constitutionally impermissible 'punishment,' the pretrial detainee must show either it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective. . ." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citation omitted); *see Kingsley v. Hendrickson*, 576 U.S. 389, (2015) (citation omitted) (explaining that a detainee may prevail by "providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose"). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 539 (1979).[2]

Further, the Court does not have jurisdiction to enter a writ of mandamus against a state official.

> Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re First Fed. Sav. & Loan Assn*, 860 F.2d 135, 138 (4th Cir. 1988).
>
> This court does not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969), and does not have jurisdiction to review final state court orders. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

*In re Charnock*, 588 F. App'x 221, 222 (4th Cir. 2014). Petitioner may be attempting to raise other claims, but mandamus is an unavailable means to obtain any relief.

---

[2] The online Virginia Courts Case Information system for the Virginia Beach Circuit Court confirms that Branch has pending charges, to wit indictments for second-degree murder, use of a firearm in the commission of a felony, possession of a firearm by a non-violent felon within ten years and concealing a dead body. *See* http://www.courts.state.va.us/ (Case Status and Information page, Circuit Court, Norfolk County, and search "Branch, ANTWAINE") (last viewed Oct. 19, 2026) (hereinafter "Case Status and Information"). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online). The indictments are set for a trial on August 10, 2026, and Petitioner is represented by counsel.

Because he is an inmate, Plaintiff will be allowed to amend his complaint to cure the deficiencies noted herein. The amended complaint must separately number each claim that he is seeking to raise by letter or number. For instance, the first amendment claim would be one, the eighth amendment claim two, and so on. Each designated claim shall include a statement of the claim, identify the federal right he alleges has been violated, name the defendant or defendants associated with the claim, and provide the facts (acts or omissions) associated with the claim. In setting forth the specifics and facts of a claim, Plaintiff should use defendants' names rather than a generic designation of "defendants" or "staff," which would assist in clarifying the matter and allow a defendant to respond. The facts must include dates as to when matters occurred. Lastly, to promote clarity, Plaintiff must separately number each paragraph of his amended complaint sequentially.

Plaintiff is expressly advised that the amended complaint supersedes the original complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (as a general rule an amended complaint supersedes "the original, the latter being treated thereafter as non-existent.") (citation omitted).

Accordingly, it is hereby

**ORDERED** that the complaint be and is **HEREBY DISMISSED WITHOUT PREJUDICE**, to allow Petitioner to file an amended complaint in compliance with the requirements of this order; and it is

**FURTHER ORDERED** that Petitioner particularize and amend his complaint within thirty (30) days of the date of this Order using the enclosed standardized § 1983 complaint form by (i) naming every person he wishes to include as a defendant; (ii) for each claim, he shall submit a short, detailed statement of background facts that describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his

complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought; and cure the deficiencies noted herein. Petitioner must include his civil action number, **1:26cv529 (RDA/WBP)**, on the first page of his amended complaint. Petitioner is advised that this amended complaint will serve as the sole complaint in this civil action; and it is

**FURTHER ORDERED** that Petitioner's failure to comply with any part of this Order within THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, or failure to notify this Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to Petitioner.

Entered this 21 day of October 2026.

Alexandria, Virginia

/s/

Rossie D. Alston, Jr.
United States District Judge